# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ANNA RYAN, as Guardian of RC, a minor, | CV 25-120-BLG-WWM |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO DISMISS AS MOOT |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is Defendant United States of America's ("United States") motion to dismiss Count I under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed on December 23, 2025. (Doc. 8). Plaintiff Anna Ryan ("Ms. Ryan") did not file a response; instead, she filed an Amended Complaint on January 8, 2026. (Doc. 10). The United States filed its Answer on January 22. (Doc. 11).

For the reasons stated below, the Court denies the United States' motion to dismiss as moot.

## I.    Background

On September 29, 2025, Ms. Ryan filed a Complaint against the United States, alleging that Bureau of Indian Affairs law enforcement officer Murrell Deela ("Officer Deela") sexually assaulted Ms. Ryan's minor child, RC, on or

about August 7, 2024. (Doc. 1). Ms. Ryan's initial complaint contained two counts: (1) negligence; and (2) assault and battery. (*Id.* at 3–4). To support her claim for negligence, Ms. Ryan alleged that (1) Officer Deela was acting within the course and scope of his employment with the United States when he interacted with RC on August 7, 2024; (2) Officer Deela was subject to a duty of care in executing his job duties to protect RC's constitutional, statutory, and common law rights; and (3) Officer Deela did not comply with the standard of care, which "included negligent violation of law enforcement policies and procedures; negligent violation of RC's constitutional, statutory, and common law rights; and negligent performance of official duties." (*Id.*).

On December 23, 2025, the United States moved to dismiss Ms. Ryan's negligence claim, and any included constitutional claim, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 9). The United States argued that there is no cause of action under Montana law for negligent sexual assault; rather, sexual assault is an intentional tort. (*Id.* at 3). The United States declared that Ms. Ryan's "negligence claim must therefore be dismissed under Rule 12(b)(1)" because the Court does not have subject matter jurisdiction over a Federal Torts Claims Act ("FTCA") claim that does not allege a cognizable state law tort. (*Id.* at 6). Likewise, the United States argued that the negligence claim should also be dismissed under Rule 12(b)(6) for "fail[ing] to state a claim for which relief may

be granted." (*Id.*). As to Ms. Ryan's allegations that Officer Deela violated RC's constitutional right, the United States argued that the Court does not have jurisdiction because the United States has not waived its sovereign immunity for the alleged constitutional violations of its employees. (*Id.* at 6–7). Consequently, the United States invoked Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to argue that the constitutional claim should be dismissed as well. (*Id.* at 7).

On January 8, 2026, Ms. Ryan filed an Amended Complaint. (Doc. 10). In her revised pleading, Ms. Ryan substituted the original negligence claim with a claim for negligent supervision and retention of Officer Deela. (*Id.* at 3). To support this claim, Ms. Ryan alleged that the United States "knew that Officer Deela expressed uncontrolled violence and excessive force towards the citizens he was charged with policing," and despite this knowledge, the "BIA allowed Officer Deela to police alone and unsupervised." (*Id.*). The United States filed an answer on January 22, in which it denied that Ms. Ryan is entitled to the relief she requested in the Amended Complaint. (Doc. 11 at 4).

## II.   Discussion

The United States' motion to dismiss relies on two arguments: (1) that Ms. Ryan's negligence claim is not legally cognizable because there is no cause of action under Montana law for negligent sexual assault; and (2) that because the United States has not waived sovereign immunity over claims of constitutional

violations by its employees, the Court does not have jurisdiction over the claim that Officer Deela violated RC's constitutional rights. Ms. Ryan's Amended Complaint resolves both of these issues. As to the United States' first argument, Ms. Ryan no longer alleges that the United States is liable for Officer Deela's actions. Rather, Ms. Ryan argues that the United States is liable for its own actions: its supervision and retention of Officer Deela. Similarly, Ms. Ryan no longer alleges that Officer Deela negligently violated RC's constitutional rights. Because Ms. Ryan's Amended Complaint cures both of the alleged defects, the United States' motion to dismiss is moot.

## III.    Conclusion

**IT IS HEREBY ORDERED** that the United States' Motion to Dismiss (Doc. 8) is **DENIED** as moot.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 24th day of February, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE